## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Lisa Alcott<br><br>Debtor(s).<br><br><br>Lisa Alcott<br><br>Plaintiff,<br><br>v.<br>Nelnet Servicing, LLC<br><br><br>Defendant. | Chapter 7 No. 20-05707<br><br><br><br><br><br><br>Adv. Pro. No. |

### PLAINTIFF'S COMPLAINT

NOW COMES, the Plaintiff, Lisa Alcott (hereinafter "Lisa") files this Complaint against the Defendant, Nelnet Servicing, LLC, seeking a discharge of her student loan debt under the undue hardship standard of 11 U.S.C § 523(a)(8) and in support states as follows:

### II.
### PARTIES

**A.** **Plaintiff**

1. Lisa Alcott is a citizen of the State of Illinois, residing in the Northern District of Illinois.

**B.** **Defendant**

2. Nelnet Servicing, LLC with their principal office located in Lincoln, Nebraska, and can be served at their registered agent located at 208 South LaSalle Street Suite 814, Chicago, Illinois 60604.

## III.

## JURISDICTION AND VENUE

3. This Adversary Proceeding is brought under Case Number 20-05707.

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

5. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8) and Federal Rules of Bankruptcy Procedure Rule 7001.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## FACTUAL AND PROCEDURAL BACKGROUND

A. **Family Life, Monthly Income, and Marginal Assets**

7. Lisa was born on June 7, 1966, is currently fifty-four years old, and is not currently married.

8. Lisa is employed part-time as a dental hygienist in Elmhurst, Illinois. In addition, Lisa on occasion works as a temporary dental hygienist.

9. Lisa's current monthly income is $2,144.42, and her current monthly expenses are $2,769.697, her expenses exceed her monthly income by $655.25.

10. Lisa assets are marginal: clothes, household goods and furnishings, an eight-year-old Honda, and a small retirement and/or pension account.

11. Lisa does not own substantial assets with which to draw from in order to pay her student loans.

12. Lisa has already reduced her expenditures as much as possible.

13. Several years ago, Lisa was injured in a car accident and was hospitalized for three months.

14. As a result of the car accident, Lisa suffered spinal damage which has affected her ability to increase her income.

15. Due to circumstances beyond her control, Lisa filed for bankruptcy in this court on February 28, 2020.

### B. Education and Student Loan Debt

16. Lisa began her post-secondary education at Prairie State College on a part time basis from 1985 through 1995. She transferred to Northwest University of Indiana from 1996 through 1998 wherein she received her Associate Degree in Allied Sciences which is a registered Dental Hygiene Degree. Lisa went on to attend Governor's State University from 2004 through 2006 where she received her Bachelor's Degree.

17. Lisa financed her attendance at all three institutions with student loans, all three of which are currently held by the defendant.

18. When Lisa has been unable to make a payment, she has requested forbearances or deferment.

19. The current balance of Lisa's student loans is $83,160.84.

20. Lisa is currently on an Income-Driven Repayment plan with the defendant for twelve months. However, the payment under this plan is not enough to reduce the monthly balance of her loans.

V.

## CLAIMS FOR RELIEF

**A.  Count One: Determination of Dischargeability under the Undue Hardship Standard**

21. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

22. A debtor can discharge their federal student loan debt if a court finds that if being forced to repay the debt would cause them an undue hardship. A debtor demonstrates an undue hardship by showing the following: (1) Based on their current income and expense, they cannot maintain a minimal standard of living for themselves if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made a good faith effort to repay her loans.

23. Based on her current income and expenses, Lisa cannot maintain a minimal standard of living for herself if forced to repay these loans. Her monthly expenses, without including a student loan payment, exceed her monthly income.

24. Even if she could afford a monthly payment plan under the Income-Driven Repayment Plan, that payment would likely not reduce the balance of her student loan debt.

25. Due to Lisa's injury, the future will not bring much change as it inhibits her ability to increase her income.

26. Lisa has made good faith efforts to repay her loans. She has made significant payments towards the principal balance and/or interest of these loans. When unable to make payments, she has requested deferments and/or forbearances.

27. Plaintiff meets the standard for undue hardship as articulated in *Brunner*.

28. Accordingly, Plaintiff prays this Court discharge her private student debt in part or in total.

## VII.

## **PRAYER**

29. In light of the foregoing, Plaintiff requests that Defendants be cited to appear, and judgment be entered against Defendants for:

(1) declaratory and injunctive relief;

(2) determination of dischargeability;

(3) other such relief as the Court deems just and proper.

Respectfully submitted,

_____
Joshua Emberton
Attorney for Plaintiff

Joshua Emberton 6329644
David Daudell 6209274
**THE LAW FIRM OF DAVID DAUDELL**
211 West Wacker Drive 5th Floor
Chicago, Illinois 60606
Phone: (312) 701-0012